UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA JACKSON, JOHANNE
FILOSSAINT and CORNELIUS
JOHNSON,

    Plaintiffs,

v.                                         Case No: 8:15-cv-2194-T-35JSS

INVESTIGATIONS AND SECURITY
BUREAU, INC. and SKIP DRISH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion"). (Dkt. 57.) Plaintiffs seek $11,060.00 in fees and $1,493.42 in costs. (Dkt. 57 at 2.) Upon consideration, the Court recommends that the Motion be granted in part and denied in part.

### BACKGROUND

On September 21, 2015, Plaintiffs filed their Complaint against Defendants, alleging unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I), unpaid overtime under the FLSA (Count II), unpaid minimum wages under the Florida Constitution, Fla. Const. art. X, § 24 (Count III), and unpaid wages under common law (Count IV). (Dkt. 1.) On November 20, 2015, Defendants answered and raised numerous affirmative defenses. (Dkt. 11.)

On January 21, 2016, the Court granted defense counsel's motion to withdraw. (Dkt. 15.) New counsel appeared on behalf of Defendants on September 21, 2016 (Dkts. 21, 22), but subsequently moved to withdraw on January 4, 2017. (Dkt. 24.) The Court again granted defense counsel's motion to withdraw and directed Defendants to retain replacement counsel. (Dkt. 27.)

After Investigations and Security Bureau ("ISB") failed to do so, the Court granted Debra Jackson's motion for default judgment against ISB.  (Dkt. 31.)

On July 17, 2018, the Court held a pretrial conference, at which Skip Drish failed to appear. (Dkt. 51.)  Accordingly, the Court ordered Skip Drish to show cause as to why default judgment should not be entered against him and in favor of Plaintiffs for failure to appear at the pretrial conference, failure to comply with the Court's orders, and failure to otherwise participate in the litigation.  (Dkt. 46.)  After considering Skip Drish's response (Dkt. 52), the Court entered default judgment against Skip Drish and in favor of all three Plaintiffs.  (Dkt. 53.)  Specifically, the Court directed the Clerk to enter judgment in favor of Johanne Filossaint in the amount of $2,160.00, judgment in favor of Cornelius Johnson in the amount of $4,518.00, and judgment in favor of Debra Jackson in the amount of $9,661.22.  (Dkt. 53 at 12.)

On August 28, 2018, the Clerk entered the default judgments as directed.  (Dkts. 54, 55, 56.)  In the Motion, Plaintiffs seek an award of attorney's fees totaling $11,060.00 as prevailing parties under 29 U.S.C. § 216(b) and taxable costs totaling $1,493.42.  (Dkt. 57 at 2.)  Defendants failed to respond to Plaintiffs' Motion.

**APPLICABLE STANDARDS**

Generally, a prevailing party in a FLSA action is entitled to a reasonable award of attorney's fees and costs.  29 U.S.C. § 216(b).  In determining the amount of attorney's fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party.  *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating the number of hours that were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, the court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, the court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

## ANALYSIS

In considering Plaintiffs' Motion, the Court must determine whether Plaintiffs are the prevailing party, whether the hourly rate requested is reasonable, whether the number of hours expended on the litigation is reasonable, and whether the lodestar amount should be adjusted.

After determining the amount of attorney's fees, the Court must determine Plaintiffs' taxable costs under 28 U.S.C. § 1920.

### A. Prevailing Party

In this case, judgment was entered in favor of Plaintiffs Debra Jackson, Johanne Filossaint, and Cornelius Johnson and against Defendants ISB and Skip Drish. (Dkts. 54, 55, 56.) Thus, Plaintiffs are prevailing parties and are entitled to recover reasonable attorney's fees and costs. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs.").

### B. Reasonable Hourly Rate

Plaintiffs request an hourly rate of $350 per hour for attorney Marc. R. Edelman. (Dkt. 57 at 2.) In support of this request, Plaintiffs submit the affidavit and time records of Mr. Edelman. (Dkt. 57-1). In his affidavit, Mr. Edelman states that he has approximately twenty-two years of legal experience, all of which include the representation of clients in labor and employment cases. (Dkt. 53-1 at 2.) The rate requested by Mr. Edelman reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Townsend v. Let's of Ocala, LLC*, No. 5:14-CV-611-OC-34PRL, 2015 WL 4591927, at *2 (M.D. Fla. July 28, 2015), *report and recommendation adopted*, No. 5:14-CV-611-OC-34PRL, 2015 WL 5132776 (M.D. Fla. Sept. 1, 2015) (finding that a rate of $350 per hour was reasonable for an attorney with over ten years of experience); *McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *7 (M.D. Fla. Aug. 28, 2014) (finding that a rate of $350 per hour was reasonable for an attorney with eighteen years of experience); *Andrike v. Maple Way Cmty., Inc.*, No. 8:11-CV-1939-T-24, 2013 WL 1881135, at

\*3 (M.D. Fla. May 3, 2013) (finding that a rate of $325 per hour was reasonable for an attorney with twelve years of experience); *Holland v. Gee*, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010, at \*4 (M.D. Fla. Oct. 23, 2012), *report and recommendation adopted*, No. 8:08-CV-2458-T-33, 2012 WL 5845344 (M.D. Fla. Nov. 19, 2012) ("[T]he award of an hourly rate of $350.00 is consistent with or greater than other fee awards granted in the Middle District of Florida, especially in cases involving employment disputes."). Therefore, the Court recommends an hourly rate of $350 for attorney Mr. Edelman.

### C. Hours Reasonably Expended

Plaintiffs assert that Mr. Edelman reasonably expended 31.6 hours on this litigation. (Dkt. 57 at 2.) Plaintiffs acknowledge that 31.6 hours are ordinarily "not required to obtain a default judgment," but argue that "Defendants hired and fired two attorneys, failed to attend a properly noticed deposition, attended mediation without any intention of resolving the action, and failed to appear for a pretrial conference." (Dkt. 57 at 2 n.1.) As such, Plaintiffs argue that the hours spent by Mr. Edelman were reasonable and necessary. (Dkt. 57 at 2.) Upon review of the billing records, none of Mr. Edelman's billing entries appear excessive, redundant, or otherwise unnecessary. Thus, the Court finds the reasonable hours expended for Mr. Edelman to be 31.6 hours. Based on the foregoing, the lodestar for Mr. Edelman's fees is the reasonable hourly rate of $350 multiplied by the 31.6 hours reasonably expended, totaling $11,060.00.

### D. Adjustments to Lodestar

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). In determining whether to adjust the lodestar amount, the court should

compensate for all hours reasonably expended if the result was excellent, but must reduce the lodestar if the result was partial or limited success. *Norman*, 836 F.2d at 1302. When reducing the amount of attorney's fees awarded to account for limited success, the court may attempt to identify specific hours that should be eliminated or may simply reduce the award by some proportion. *Id.* (citing *Hensley*, 461 U.S. at 436–37).

Upon consideration, no adjustment to the lodestar is recommended as all Plaintiffs prevailed and received default judgments on their claims. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) ("The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion."). Accordingly, it is recommended that Plaintiffs be awarded reasonable attorney's fees in the amount of $11,060.00.

### E. Costs

As the prevailing parties, Plaintiffs seek to recover their taxable costs pursuant to Rule 54(d). Fed. R. Civ. P. 54(d). Plaintiffs seek a total of $1,493.42 in costs, which are evidenced by an attached itemized list of costs. (Dkt. 57-1 at 8–9.) Specifically, Plaintiffs seek to recover the following costs: postage, long distance telephone calls, filing fees, service of process fees, court reporter fees, mediator fees, and printing. (*Id.*)

In FLSA cases, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. § 1920. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011) ("[A] statute allowing for the recovery of attorney's fees . . . generally applies in federal court so long as it does not conflict with a valid federal statute or rule."). According to Section 1920, only the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to

printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services.  28 U.S.C. § 1920.

Thus, the costs for filing fees, service of process fees, and court reporter fees are permitted by 28 U.S.C. § 1920 and may be taxed as costs.  *See* 28 U.S.C. § 1920 (enumerating allowable costs).  Printing costs are also taxable when the printing is "necessarily obtained for use in the case."  *Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Center, Inc.*, No. 8:09–CV–02301–T–30, 2014 WL 3396503, at *2 (M.D. Fla. July 11, 2014).[1]  The prevailing party bears the burden of showing that costs were necessarily incurred.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340–41 (M.D. Fla. 2002).  Here, Plaintiffs have simply provided billing records with numerous entries for "Black & White Printing."  (Dkt. 57-1 at 8–9.)  Without any further description, the Court is unable to determine whether the printing was necessary.  *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (explaining that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue"); *see also Watson v. Lake Cty.*, 492 F. App'x 991, 997–98 (11th Cir. 2012) (remanding for the district court to determine whether costs for "B & W printing" and "color copies" were necessary).  As such, it is recommended that the request to tax printing costs be denied.

Additionally, costs for postage, long distance telephone calls, and mediator fees are not recoverable under 28 U.S.C. § 1920.  *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (stating that postage is not taxable); *Williams v. H. Lee Moffitt Cancer Ctr. & Research Inst.*,

---

[1] Although 28 U.S.C. § 1920(3) "contains no requirement that printing be necessarily obtained for use in the case . . . courts often consider printing costs with copying costs."  *Geisler v. FedEx Ground Package Sys., Inc.*, NO. 3:12-CV-1189-J-34PDB, 2017 WL 4404442, at *3 n.1 (M.D. Fla. Aug. 28, 2017).

*Inc.*, No. 8:09–cv–784–T–33TGW, 2011 WL 2160550, at *1 (M.D. Fla. June 1, 2011) (stating that mediation fees are not taxable); *Escarra v. Regions Bank*, No. 2:07–cv–408–FtM–29DNF, 2010 WL 11507144, at *3 (M.D. Fla. Jan. 25, 2010) (stating that long distance telephone calls are not taxable); *Scelta*, 203 F. Supp. 2d at 1390 (stating that long distance telephone calls, postage, and mediation fees are not taxable). Therefore, it is recommended that the Court tax only the costs for filing fees, service of process fees, and court reporter fees, for a total of $563.50.

Accordingly, it is **RECOMMENDED**:

1. That Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 57) be **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein;

2. Plaintiffs be awarded reasonable attorney's fees in the amount of $11,060.00; and

3. Plaintiffs be awarded reasonable costs in the amount of $563.50.

**IT IS SO REPORTED** in Tampa, Florida, on October 30, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record